HAWTHORNE, Justice
(dissenting).
This court states in the first paragraph of its majority opinion that “Mary Young appeals from a decision of the State Civil Service Commission upholding her dismissal as Chief Accountant of the Charity Hospital of Louisiana at New Orleans”. I cannot agree with this statement. The commission did not uphold the dismissal of Mary Young. It is clear from a reading Of the commission’s opinion that this appeal presents one, and only one, question of la/lv, that is: Did the State Civil Service Commission act in accordance with law in dismissing Mary Young’s appeal to that body under the provisions of its Rule 13.2?
The State Civil Service Commission has not passed upon or even considered the merits of Miss Young’s appeal. It has simply dismissed her appeal pursuant to its Rule 13.2. Notwithstanding this fact, the majority of the court in the instant case has passed on the merits of appellant’s case; and ordered her reinstated.
Under the provisions of Article: 14, Section 15(1), ;of the Louisiana Constitution of 1921 the State Civil Service Com,-; mission- has the authority to adopt and enforce rules which shall have the effe.ct-,ofi law,- including rules “ * * * (8) -fixing the ■ procedure, the time within whicfy. .51$-peals must be taken,.and all other mattery pertaining to appeals”. In accordance ¡wjjtfy the power and 'authority conferred; by, .this provision-of the 'Constitution, .the Staje Civil Service Commission.adopted.its Rule, 13.2 which .provides: . . - , >;,
; “Requests, f.or Hearing. . A person: who alleges he has been deprived of his rights or otherwise been discriminated against as set forth in the foregoing section may,within 30 days of any such action, demand a hearing by notifying the Director--in writing that he desires a hearing and outlining in detail his reasons for demanding such hearing. The Commission shall grant the appellant a hearing within sixty (60) *719 calendar days after receipt by the Director of such request, or shall refer the taking of testimony to a Referee within such period of sixty (60) calendar days.” (Italics mine.)
On June 29, 1953, the director of Charity Hospital addressed a letter to the appellant, Miss Mary Young, advising her that her services had been terminated as of the close of business on that day. This letter was mailed to Miss Young’s address as given in the hospital personnel records but was returned undelivered on July 7, 1953. Upon Miss Young’s return to work at the hospital on July 6, 1953, her immediate superior informed her that she had been discharged as of June 29, 1953, and also showed her a copy of the director’s letter of June 29. She was not allowed ttf return to work, and she received no payment for services after June 29. Her request for a hearing before the State Civil Service Commission, made in the form of a letter addressed to that body, was postmarked August 14, 1953, and received in the commission’s office on August 17, 1953. From these facts the commission found that Miss Young was dismissed as of July 6, 1953. The commission concluded that, even if her dismissal was without cause, her right of appeal was lost because her request for a hearing was not lodged with the commission until more than 30 days after her dismissal. Accordingly the commission held that her appeal was barred by its Rule 13.2.
Under the plain provisions of the Constitution the rules of the commission adopted pursuant thereto "have the effect of law”, and, since Miss Young was dismissed (rightfully or wrongfully) on July 6, 1953, she lost her right of appeal to the State Civil Service Commission by not requesting a hearing by that body within 30 days of the date of her dismissal.
Even if Miss Young’s appeal to the commission was timely — and this is the sole issue — , in my opinion the only relief this court could afford her would be to remand the case to the State Civil Service Commission so that that body could pass upon the merits of her complaint, as this court is not a court of original jurisdiction.
I respectfully dissent.